Good morning, Your Honours. May it please the Court, Todd Leung, Deputy City Attorney on behalf of the Defendant's City of Los Angeles. The District Court correctly held that plaintiffs were not engaged in protected activity under the standard announced in Gaudia-Vishnava Society v. City and County of San Francisco. This is not a situation where the activity can fairly be characterized as the dissemination of a message through the sale of merchandise. As such, plaintiffs have not demonstrated that they have been deprived of a right secured by the Constitution or laws. Therefore, liability should not have been imposed pursuant to 42 U.S.C. 1983. As to the issue of vagueness, only an as-applied challenge exists here for plaintiffs to vindicate his own rights. The inextricably intertwined standard that this Court established in Gaudia is not unconstitutionally vague. The religious, political, philosophical, or ideological message must be closely related to the merchandise. The District Court correctly found that the merchandise at issue here does not fall into a place where it in itself is clear expression. Neither plaintiffs sell merchandise in a way inextricably intertwined with protected expression. In U.S. v. Schiff, this Court found that the expressive and political portions of a book entitled The Federal Mafia was not inextricably intertwined with its commercial elements. Now, perfect clarity is not required even where the law implicates First Amendment rights. The Constitution must tolerate a certain amount of vagueness. So, counsel, for someone who's seeking to avoid violating this ordinance, they would have to make a determination as to whether or not the merchandise that they were selling carried a religious, political, philosophical, or ideological message or statement, and determine whether or not that statement was inextricably intertwined with the merchandise they were selling. So, what standards would they use to determine whether or not they were violating that ordinance? How would one know? Well, it's whether it's closely related or not. And that's the same standard that this Court told the city and county of San Francisco to abide by in revising its permit. But it's one thing to have a legal standard that courts apply and struggle with, as they do all the time in First Amendment issues. It's another thing for individuals to have a clear understanding of what's expected of them, or for police officers to clearly understand how to enforce the law. I mean, it's sort of no different than saying, this section shall not prohibit the sale of merchandise protected by the First Amendment. That, facially, would look fine. But, you know, would you really expect individuals to understand how to apply that standard? Well, we think the standard is clear enough, and it's not much different from the village of Hoffman Estates that the city cited in its brief. And in that case, the U.S. Supreme Court upheld an ordinance that made it unlawful for any person to sell any item, in fact, paraphernalia, accessory, or thing, which is designed or marketed for the use with illegal cannabis or drugs without obtaining a license. The Court recognized that the ordinance and guidelines do contain ambiguities. That language is a little tighter than the language we have here. Because this language contains four different concepts, religion, politics, philosophy, and ideology. And in addition, there has to be a determination whether or not either of those four statements are inextricably intertwined with the merchandise. That's a very vague statement for somebody who's just trying to, you know, peddle stuff on the boardwalk to try to figure out, how do I avoid being arrested under this statute? But here, it's just an as-applied challenge to whether shea butter was inextricably intertwined. And the court below found that. Well, I thought that this was a facial challenge as well. The ordinance had already been amended, and there was another one in 06, which they also challenged. So the court correctly down below held that this was only an as-applied challenge to vindicate their own rights. On vagueness? On vagueness, yes, Your Honor. Okay. So even if we limited to an as-applied challenge on vagueness, why would that change the analysis? Because it was reasonably clear to this plaintiff that his items were not covered, were not protected. How? When you say this plaintiff now, you're talking just about Mr. Hunt, is that right? Yes, Your Honor. Okay, thank you. The record below established that plaintiff spoke with city council members, went to city council meetings and town hall meetings. To voice his opinion that the ban on vending at the boardwalk was unconstitutional, because it's vague. Well, no, because it applied to what he was doing. And he's been told on multiple times that he cannot sell his shea butter on the boardwalk, because it's a pure commercial pitch for what it is that he sells. And the court below recognized that. And we believe this is no different than the case that we cited. But the district court found that it was vague, right? The inextricably intertwined standard was vague. Yes, that's what the court below found. And so why was that wrong? It was wrong because the activity that plaintiff engaged in, he knew it didn't cover, the statute covered what he was engaged in. Because the city council told him that made it less vague? He was aware. He went to all these meetings. He spoke with council members. He spoke with their staff and told them that. They just told him you can't do it. It's covered. But they didn't explain to him what standards. And the statute doesn't explain what standards would be used to determine whether or not it's inextricably intertwined. So is it your position that if the city officials tell you that what you do violates the statute, the ordinance,  Well, the ordinance applies to him, and that's where we believe that it alleviates the vagueness. Well, I mean, how do we know it applies to him through the wording of the statute? Because what he was doing, even as the court district court below indicated, that the merchandise at issue here does not fall into a place where it in itself is clear expression. All he's doing is making a pitch as to how good his shea butter is on skin. It helps with eczema. It has multiple vitamins. So that, we don't believe that there's a close relationship between the speech and the sale of the merchandise. If I can phrase this in a way to get you to comment on it. If I understand you correctly, what you're saying is, maybe I'm putting a few words in your mouth, but even assuming the statute was vague facially, as applied given the sales pitch for the shea butter, which in your view is a very commercial pitch, that there was no relationship to a religious, political, philosophical, or ideological message such that there could be any issue in this particular ordinance as to Mr. Hunt. Is that accurate? Yes, Your Honor. So if that's right, we don't get to the vagueness issue at all? Correct, Your Honor. And our position is that we're no different from one world, one family now, where there was a whole ban on the sale of T-shirts. I mean, there were a ban on other things, but the plaintiffs there challenged the issue of not being able to sell the T-shirts there. That's pretty clear. If the ordinance says you can't sell T-shirts, nobody can say they don't know what the ordinance bans. You can't sell T-shirts. But this is a little different. Right. And the amended ordinance went a long way toward correcting the ambiguity, because it listed, at least it listed examples of items that would not be allowed to be sold. So it gave some guidance. But this, the first version, 2004 version that's being challenged, didn't have that clarifying language. And even if it were vague, the district court was required to drop that language. Well, did you argue that below? We did not argue that below. Why do you say that way, then? We believe that it's the district court's responsibility as discussed in Lee v. Walters. To do what? Well, in that case, the district court found that a provision of an Oregon statute was invalid and void for vagueness. The district court did not consider whether the purportedly infirm provision could be severed from the remainder of the statute, which is the same. Was that statute, had that statute been repealed, or was that still a live, breathing statute at that point? That I'm not aware of, Your Honor. I mean, it seems to me there could be a difference where you have a statute that's still on the books, and you want to look at severability issues. This ordinance is gone. I don't see what good it does to engage in that analysis here, particularly where you didn't raise it below. We believe that this court still indicated that the district court was obligated to sever the unconstitutional provision from the rest of the provision. And if that were the case, then it would be an absolute ban on vending, and we would be in the same position as one board, one family now. Do you want to address any other issues? Because your time is up. I'll reserve the rest of my time to respond. All right. Thank you, Your Honor. Good morning. May it please the Court. My name is Stephen Rohde. I'm here for the appellees, Michael Hunt and Matthew Dowd. The city has fundamentally ignored the due process analysis that went into the district court's decision. The district court used the narrowest basis on which to address the 2004 statute. By finding that Mr. Hunt and Mr. Dowd's conduct was not protected by the First Amendment, the only basis on which the court addressed the statute was due process. It is a criminal statute. It does touch on First Amendment activities. And by using a heightened analysis, the court correctly found that Mr. Hunt had standing to challenge the 2004 statute and that it was unconstitutionally vague. Mr. Rohde, can I back you up one second just to ask, because I wasn't clear looking at this record. Yes. As far as what happened with Mr. Dowd and the trial, it looked like he was left in the case after the summary judgment, but then he sort of disappeared at the trial stage. So what exactly happened? Because the court found that the 2006 ordinance was constitutional, Mr. Dowd had only had arrests under the 2006 ordinance. So we could not go forward to trial. Okay. So your appeal here on 2004 only relates to Mr. Hunt? Right. Okay. My cross appeal relates to both Mr. Hunt and Dowd. On the 2006? 2006 and that 6344 section. But you sort of dropped out, too. Well, they've accused us of abandoning it, and we've never abandoned it, and we are pressing those issues here today. The other part of my cross appeal is to bolster our attack on the 2004 statute, because we do believe that Mr. Hunt, his activities were constitutionally protected under the First Amendment. Okay. But we win on a due process analysis under the 2004 statute because he had standing, Mr. Hunt had standing since he was arrested under it, and it was unconstitutionally vague. Okay. Let me ask you this. The district court said as follows. Quote, the 2004 ordinance did not clearly prohibit the sale of Hunt's shea butter. Why is that? Support that statement for me. Because. Because I don't see anything that he was pitching here had anything to do with any religious message, any political message, any philosophical message, or any ideological message. Yes. I will address that. I do want to just be sure I've made the point that you don't even reach the First Amendment analysis, because the due process analysis on its own is sufficient to sustain the district court's finding that the 2004 ordinance was unconstitutional. So, and notice, I didn't hear the word due process out of counsel's mouth. They've ignored it in the briefing. They've tried to treat this as a First Amendment case, and what the district court did is saw that it was a due process case initially. We prevail on the due process analysis. So lack of notice of what's prohibited. It's a classic case. Who on earth. But you can't. In this context, the Ninth Circuit has been pretty clear, you can't just complain about others' rights being violated. No. In the 1983 action, we were seeking damages. I totally buy. We are asserting Hunt's rights. Right. On a facial challenge to the 2004 ordinance. Now, get back to my question, then. Yes. But there I want to say you can't tell whether or not the ordinance applies to him because of its vagueness. Why, though? Doesn't there have to be something in his message, in his sales pitch, in the product, something that brings into play the exception to the rule that you cannot sell any goods upon the boardwalk? That's clear. That's clear. Right. We seriously believe that all of those elements were present in the summary judgment record. He came onto the boardwalk. He'd been there since 2001. He was known as the butter man. He wove together the healing power of this shea butter. What does philosophy mean in that statute? Well, thank you, Your Honor. I think it's a philosophy at a minimum, if not a religious idea, that the healing power of an African-American shea butter nut used at Muslim mosques, in which he created a Garden of Eden display, which he analogized to heaven. That's in the record. And in which he made his speech be the healing power of that shea butter. I think that easily crosses a minimum line to allow him to challenge the statute. I think it goes all the way, as a legal question, to be inextricably intertwined. That his speech, his presentation, and his goods were constitutionally protected. Therefore, I think the 06 ordinance was even more vague with these crazy terms about balancing the nominal utility against the communicative message. Well, your difficulty with the 2006 ordinance is that it specifically prohibits exactly what he's doing. I think examples help, but that doesn't mean that you list examples. You list clothing, and you can have a political T-shirt. So just because you make a list, they listed incense, candles, even this shea butter is inextricably. That cures the vagueness problem, though, because you know exactly what's prohibited at that point. But then the statute, I think, and this is the 06 statute we've switched to, is still vulnerable to a vagueness challenge. Because there were other terms. Whether the nominal utility outweighed the communicative message, whether it was common or dominant in a non- But the issue is whether it's void for vagueness as to your client. Well, no. Once we get to his First Amendment stature, then he's free to raise vagueness for himself and all parties that may come to the boardwalk. So in the 2006 challenge, you switched from a due process challenge to a First Amendment challenge? We have both on 06 if you accept his First Amendment stature. I do want to say a few more words about inextricably intertwined. This is a legal standard. Courts may use it. Judges, lawyers may use it. No case until Judge Pegerson addressed inextricably intertwined and found it unconstitutionally vague. No court had ever addressed its vagueness. In the Gudea case, Gudea, it wasn't briefed or argued whether or not inextricably intertwined was vague or not. The court was using it as a talismanic phrase. We made the argument you can't have a statute that says but for constitutionally protected material. That doesn't tell the police or vendor what is covered. I'm not going to repeat the six-page analysis that Judge Pegerson put into his finding that the statute was. Exactly. When it went to the jury. Yes. Did the case go on the 2004 statute only? Yes. So the 2006 statute really isn't before us, is it? I'm sorry, Your Honor. Tri was on 04 only. They've appealed that. We're defending that. Cross appeal is on the summary judgment, which found 06 constitutional. And we are pressing that issue today and in the briefs. Do we have to decide that in this case? Is there a case or controversy on the 2006? Yes. Because he was arrested on the 2004 statute. And he had standing on that one. Right. And under 2006. So we believe he had standing on both. And you have certainly case or controversy. A summary judgment was denied to us. The case is ripe and right before you. My point is you can entirely affirm the summary judgment on 2004 and the jury verdict on 2004 based on the due process analysis we've discussed. Then you can approach our cross appeal on the 2006 ordinance for both Cowd and Hunt. But the district court didn't address those. So wouldn't it be preferable for the district court to address those in the first instance? A remand on 2006 would also be appropriate. This court could raise those issues. It was summary judgment. If there are factual issues, they should go back to the trial court and ultimately. Or just for the court to address them. Because I think the court was under the misimpression that those were not the 2006 ordinance was no longer at issue. No. Take a look. He squarely addressed 2006. All right. But we're talking about. I'm sorry. I'm not talking about 2006. I'm talking about 6244. Oh, yes. That would. I'm sorry. That would require a remand. I would be derelict if I didn't spend a moment that I think the case is powerful for Mr. Dowd. He was selling incense and these wooden coffins bearing the yin yang, dragon, star, moon, and elephant symbols, which are religious and ideological symbols. He used a sign and a flyer. He believed that the burning of incense was the breakdown of the organic state into the molecular state. He used a coffin box to symbolize a funeral casket. There is abundant evidence in the record that Matt Dowd was engaged in a constitutionally protected activity. And if you, under a cross appeal, reach the 2006 ordinance, then Mr. Dowd is entitled to a trial on his two arrests under the 2006 ordinance. In one of your briefs, you did seem to conflate the evidence at trial and summary judgment. You agree that was incorrect. For summary judgment purposes, we only view what's in the record at the summary judgment stage. I so agree with Your Honor, and I took umbrage that counsel would accuse me of that, when we had a heading called Summary of Evidence on Summary Judgment and a separate heading of Summary of Trial Testimony. I have to say, I read it that way, too, at first, at least. But regardless of how you read it, we're all in agreement on the law. You judge summary judgment on that record. You judge the trial on that record. The counsel didn't quite reach it. I want to save a few minutes on my cross appeal response, but that the failure to bring the Rule 50 motions precludes any attack on the sufficiency of the evidence or the verdict or the damages, all of which, frankly, were supported by substantial and uncontradicted evidence. And I'll reserve my time. All right.  Thank you, Your Honor. If I may briefly address the issue of the heightened vagueness scrutiny. It's sufficient that the vagueness of those terms do not result in the chilling of a substantial amount of legitimate speech. The record below reflects the ---- It was about opposing counsel's observation that it's not a free speech analysis, it's a due process analysis.  And it has to chill a substantial amount of legitimate speech. It has to fail to give notice of the conduct that's prohibited. Well, the speech, as Your Honor has indicated earlier, has nothing to do with the product that he is selling. As the district court below indicated, any item that we can think of, we can always attach a message to that. And if we do that ---- Well, you're confusing two things now. You're confusing the clearly prescribed test with the ordinance itself. And the ordinance itself, you know, even if there is some leeway, the due process question is whether or not it sort of provides fair notice to people. And it is very hard to read this and understand how, you know, some police officer walking up and down that boardwalk thinks, okay, let's see, is this carrying a religious, political, philosophical, ideological message that's intertwined? It seems impossible almost in that sort of context. Well, in Hill v. Colorado, the court recognized that, as always, you know, use of police judgment is required. There's got to be some exercise of police judgment. There has to be some ability to exercise that judgment. Right. And we believe that ---- There are some standards that a police officer can reasonably follow. We believe that this court's inextricably intertwined message that it towed the city and county out of San Francisco what to do, that it is sufficiently clear, and that a person would know whether his items, the sale of his items, is closely related or not to a religious, philosophical, ideological, or political message. I have a problem with the basic terms of philosophy, for instance. That's a very broad term. It's people's beliefs. And people's beliefs can range from A to Z on a myriad of ideas. So how do you narrow that down so that you can determine whether or not a philosophy is being espoused? Well, we think in the vast majority of the cases it's clear whether there's a philosophical, political or ---- Give me an example of how it's clear. In terms of philosophy? Right. Well, I think if we were to talk about philosophical reasoning such as ---- Well, if I may reverse it a little bit, if we were to talk about orange juice, and my philosophy is that we think orange juice does great things for people. It aids in many things. He said about shea butter. Right. That's his philosophy about shea butter. We believe that that is not a protected ---- But how could a police officer decide whether or not that's, you know, a philosophical message or not? It's in the eye of the beholder, isn't it? Well, there is a certain amount of common sense, and we believe that police judgment, as the Court has recognized that is required. But the ordinance has to guide that judgment. That's the problem. Well, we believe that the ordinance is clear in itself. In the vast majority of the cases, it will be readily apparent whether the item that's being sold has these ---- Well, what about the cases where it's not readily apparent? In that case, the person is cited, and he has an opportunity to appear in court to factor out whether ---- Do they go to jail first? No, they do not go to jail. It's a citation. I thought Mr. Hunt said he went to jail. Well, see, here's where the confusion ---- I'm shaking his head up and down. Here's where the confusion lies in the record that at the trial for the damages. He was arrested for a variety of stuff. Like he indicated, oh, throwing a piece of paper on the floor, he would be arrested for littering. Oh, if he went ---- and one of the things that we talked about at the trial level was he called in a 911 bomb threat at the recreation center. He went to jail for that. And nevertheless, he lumped that into ---- But he never went, so he never ---- in your recollection, he never went to jail for violating this ordinance? My understanding, the civil is different from the criminal, and these kind of violations, even though it's a misdemeanor ---- It's a civil. It's a criminal's ordinance. Right. And the civil side doesn't deal with the criminal aspect of it, but my understanding of it is that it's a ticket, and it's a misdemeanor notice to appear to show up in court, and they get their day in court. Do you want to address the cross-appeal at all? We believe the ---- unless the court has a question of me, we believe that the briefs adequately address the cross-appeal. All right. Thank you. Is there any rebuttal on the cross-appeal only? I guess if counsel did raise the cross-appeal, I will submit it on the meeting. All right. Thank you. Thank you to both counsel for your argument in this interesting case. In case this argument is submitted for a decision by the court that completes our calendar for the day and for the week, we are adjourned. Thank you. Thank you.
judges: Seabright, Goodwin, Rawlinson